**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4585**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANTWAIN JOHNSON,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:09-cr-00948-RBH-1)

———————————

Submitted: January 18, 2011      Decided: January 25, 2011

———————————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

T. Micah Leddy, THE LEDDY LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwain Johnson pled guilty to conspiracy to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Johnson to a 246-month sentence, subtracting sixteen months from the lowest advisory Guidelines sentence to reflect time served in state prison. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the court to review the reasonableness of the sentence. Johnson was informed of his right to file a pro se supplemental brief, but he did not do so. For the reasons that follow, we affirm.

Johnson's presentence investigation report ("PSR") properly placed him in criminal history category V. Prior to the sentencing hearing, Johnson agreed to withdraw his objections to the PSR and motion for a variance sentence in exchange for a negotiated base offense level of thirty-six and an adjusted offense level of thirty-five, which the district court adopted. The district court afforded counsel an opportunity to argue regarding an appropriate sentence, afforded Johnson an opportunity to allocute, considered the relevant 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained its rationale for imposing Johnson's particular sentence. See

2

United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that district court "must place on the record an individualized assessment based on the particular facts of the case before it" and that "individualized assessment . . . must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review") (internal quotation marks omitted). Johnson has failed to rebut our presumption that his within-Guidelines sentence is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Thus, we conclude that the district court did not abuse its discretion in sentencing Johnson. See Gall v. United States, 552 U.S. 38, 49-51 (2007) (providing standard).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED